**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, <br><br> *Plaintiff*, <br><br> v. <br><br> ONE BELL 214 HELICOPTER, Serial Number 28118, <br><br> ONE BELL 412 HELICOPTER, Serial Number 36403, <br><br> $2,999,930.50 OF FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT XXXXXX5559, PREVIOUSLY HELD BY AAR CORPORATION, <br><br> *Defendants*. | No. 20-CV-423 (RDM) <br><br> **UNDER SEAL** |

**ORDER**

This matter comes before the Court on the Government's motion for a sealing order related to the filing of a Verified Complaint for Forfeiture in Rem ("Complaint") against the above-captioned properties.

"[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater SE Cmty. Hosp. Corp.*, 951 F.2d 1268, 1927 (D.C. Cir. 1991)). In this Circuit, the Court's decision to override this presumption and seal documents is informed by its weighing of the factors set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). These factors include "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3)

the fact that someone has objected to disclosure, and the identify of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Nat'l Children's Ctr., Inc.*, 98 F.3d at 1409.

Weighing the *Hubbard* factors, the Court concludes that (1) the need for public access to the documents at present is no stronger than it is in the average case; (2) there has been no previous public access to these documents as they were filed under seal, Dkt. 2 at 3; (3) no third party has objected to disclosure, although none has had the opportunity to do so; (4) the property and privacy interests of those discussed in the complaint are certainly implicated—sealing would serve their privacy interests; denying the motion to seal might allow individuals to better protect their property interests. The Court concludes that here, the fifth and sixth *Hubbard* factors are determinative. The United States represents that the "grand jury is still investigating the suspected crimes" of multiple individuals allegedly involved in criminal activity involving the defendant properties. Dkt. 2 at 3. It argues that "the United States has a compelling interest in preserving the integrity of its investigation and assuring the availability of property subject to forfeiture." *Id.* at 5. The Court concludes that sealing the documents in question is necessary to allow the Grand Jury investigation and the seizure of the defendant properties to continue without tipping off the alleged wrongdoers. *See* Fed. R. Crim. P. (e)6 ("Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before the grand jury."); *see also* Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(5)(a)(ii)(C)(1) (noting that a forfeiture complaint may be "under seal").

Accordingly, pursuant to the Supplemental Rules for Maritime Claims and Asset Forfeiture Actions and after weighing the *Hubbard* factors, the Court hereby **GRANTS** the Government's motion and **ORDERS** that:

1. The Clerk of Court shall place and maintain under seal, until further order of the Court, the Complaint, the warrants for arrest in rem, the proposed Order attached to the Government's motion, and this Order.

2. The Government is authorized to disclose any of the above-listed documents in order to comply with any discovery, *Giglio*, or *Brady* obligations in any criminal case;

3. The United States is authorized to disclose the existence of the Complaint and warrants for arrest in rem in order to facilitate seizure of the defendant property, ensure execution of process, or comply with the requirements of the Supplemental Rules.

   **SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: February 19, 2020